IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                       Civ. No. 09-0752 JH/WPL

BILLY R. MELOT AND KATHERINE L. MELOT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Defendants Billy R. Melot and Katherine L. Melot's *Motion to Dismiss* [Doc. 7] and *Motion to Release Liens* [Doc. 8], both filed January 7, 2010, and Defendant Billy R. Melot's *Motion for Continuance* [Doc. 15], filed April 30, 2010. The Court, having considered the motions, briefs, evidence, arguments, and relevant law, and being otherwise fully informed, finds that each of the motions should be DENIED.

## BACKGROUND

The United States, via the Internal Revenue Service ("IRS"), filed the underlying action to reduce to judgment outstanding tax assessments against Defendants Billy R. Melot and Katherine L. Melot. According to the Complaint, Billy Melot did not file tax returns for the tax years 1987 through 1993, despite earning significant income. *See* Complaint [Doc. 1] at 2, ¶ 4. The Complaint similarly alleges that Katherine Melot did not file tax returns for the tax years 1987 through 1993 and 1996. *See id.* at 3, ¶ 7. The IRS therefore prepared substitute tax returns on behalf of Defendants. *See id.* at 2-3, ¶¶ 4, 7. Each Defendant received notice and demand from a delegate of the Secretary of Treasury, but they still refused to pay the federal income tax

assessments for the respective tax years.  *See id*. at 2-3, ¶¶ 5, 8.  On October 9, 2001, the IRS filed Notices of Federal Tax Lien for those federal income tax liabilities against Defendants in Lea County, New Mexico.  *See id*. at 3-4, ¶¶ 6, 9.  The IRS has also assessed tax liabilities against Defendant Billy Melot d.b.a. Melot Oil Company for unpaid federal excise taxes and associated penalties and interest for tax periods ending in 1989 through 1991 and 1992 through 1993.  *See id*. at 4-5, ¶ 11.  On October 15, 2001, the IRS filed a Notice of Federal Tax Lien against Mr. Melot with regard to these liabilities in Bernalillo County, New Mexico.  *See id*. at 5, ¶ 12.  In all, the tax liens reflect an assessment of unpaid taxes, penalties, and interest in an amount exceeding $34 million.  The filed tax liens attach to any interest in Defendants' real and personal property.  *See id*. at 5, ¶ 13.

On April 22, 2010, a federal court jury found Mr. Melot guilty of all 15 counts with which he was charged in a related criminal matter.  *See* No. 09-CR-2258-MCA (D. N.M.) at Doc. 79.  The jury convicted Mr. Melot of: (1) corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue Code; (2) willfully attempting to evade the payment of federal income tax (with respect to tax years 1987-1993); (3) willfully failing to make income tax returns for tax years 2003-2008; and (4) knowingly making false statements to the U.S. Commodity Credit Corporation.  *See id*.  Mr. Melot is presently incarcerated while awaiting sentencing on this conviction.

Defendants' *Motion to Dismiss* [Doc. 7] contends that they have not been properly served and that Defendant Katherine Melot cannot owe the taxes assessed against her because she had no income during the period for which she was assessed.  Defendants' *Motion to Release Liens* [Doc. 8] contends that the liens are unlawful because they were filed without due process of law and because the tax assessments against them are improper.  Defendant Billy Melot's *Motion for*

2

*Continuance* [Doc. 15] contends that his incarceration prevents him from being able to defend this case on an equal basis with the IRS.

## ANALYSIS

A.  <u>Motion to Dismiss</u>

Defendants' first contention is that they have not been properly served within the timeframe required by the Federal Rules of Civil Procedure.  The United States filed its Complaint against Defendants on July 31, 2009.  Because, four months later, the Court's docket still did not show service of process, the Court, *sua sponte*, issued an Order to Show Cause [Doc. 3] on December 2, 2009.  The Order stated that, no later than January 4, 2010, the United States must either effect service or "provide the Court with a written explanation why service has not been effected." Doc. 3 at 1.  The Order further stated that the Complaint would be dismissed without prejudice if the United States failed to respond to the Order by that date.  *See id*.

Federal Rule of Civil Procedure 4(m) requires that, if a defendant is not served within 120 days after a complaint is filed, a court must either dismiss the action without prejudice "or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Pursuant to this rule, the Court ordered that service be made by January 4, 2010.  On December 16, 2009, Defendants were served with the Complaint and a summons.  The United States filed the summons for each Defendant, with attached executed proof of service, on December 31, 2009.  *See* Docs. 4 and 5.

In their *Response in Support of Defendant's* [sic] *Motion to Dismiss* [Doc. 14], Defendants allege that service was improper in two ways.  First, they claim that the Complaint served on them was unsigned, and therefore cannot be a copy of the true Complaint filed in this Court, as required by Fed. R. Civ. P. 4(c)(1), which requires that a summons be served "with a copy of the complaint."  This contention is baseless.  Defendants attached to their Response a

3

copy of the Complaint that they contend was handed to Ms. Melot.  *See* Doc. 14, Ex. 1.  The attached Complaint clearly shows an electronic signature by an attorney for the United States. *See id*. at 6.  In addition, the copy of the Complaint attached by Defendants matches exactly the original Complaint filed by the United States in this Court on July 31, 2009.  *See* Doc. 1.  Thus, Defendants have no basis to contend that service of the Complaint was improper.  Finally, Defendants also claim that the summonses included in their service were improper, because they did not include the district court's seal or the court clerk's signature, as required by Fed. R. Civ. P. 4(f) and (g).  *See* Doc. 14.  However, the executed summonses filed with the Court, *see* Docs. 4 and 5, clearly display the district court's seal and the electronic signature of the deputy clerk. Thus, Defendants were properly served.

Defendant Katherine Melot also contends that the Complaint against her should be dismissed because she had no income during the period of assessment, so that the assessment against her is incorrect.  Although she does not cite a particular rule as the basis for her motion to dismiss, it appears as if she is making the motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.[1]  When considering a motion to dismiss a complaint under Rule 12(b)(6), the Court accepts all well-pleaded allegations in the Complaint as true, and views them in the light most favorable to the non-moving party.  *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  The Court should only dismiss the Complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id*.  Not only did the Complaint clearly state the assessments made by the IRS, listing the amounts that it contends are due for each year,

---

[1] Because Defendants are proceeding *pro se*, the Court will liberally construe their pleadings.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

but, in its Response to Defendants' Motion to Dismiss, the IRS attached Forms 4340 Certificate of Assessments and Payments, detailing the amount, date, and basis for each of the assessments against Defendants. *See* Doc. 10, Exs. 1-8. Such Certificates of Assessments and Payments are presumptively correct and are entitled to great weight absent evidence to the contrary. *See Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992). The United States has raised sufficient allegations that, if proven, would entitle it to the relief it seeks. Accordingly, Defendants' motion to dismiss is denied.

  B. Motion to Release Leans

Defendants' motion to release leans again challenges the underlying assessment of the tax amount and also contends that the liens were filed without due process of law because they were not filed pursuant to any court action or court order. As previously discussed, the assessments against Defendants, as evidenced by Certificates of Assessments and Payments, are presumptively correct. *See id*. The liens cannot be released on mere unsubstantiated allegations that Defendants do not owe the underlying taxes.

Additionally, under 26 U.S.C. § 6321, a federal tax lien is automatically created by operation of law upon assessment when an individual has failed to meet his tax obligations after notice and demand. The statute does not require litigation or a court order in order to establish a lien. *See* 26 U.S.C. § 6321. Thus, the federal tax liens for the years at issue were automatically created against Defendants on the date of the assessments.

26 U.S.C. § 6325 governs the release of liens. It requires the IRS to release a lien if the underlying liability has been fully satisfied or the lien has become legally unenforceable, or if a sufficient bond has been furnished and accepted. Defendants have neither satisfied the underlying liability nor posted a sufficient bond. Accordingly, the requirements to release a lien

under 26 U.S.C. § 6325 have not been met, and Defendants' motion to release liens is denied.

    C.  Motion for Continuance

    Defendant Billy Melot seeks to have this case continued until he is released from incarceration. *See* Doc. 15. He contends that the conditions of his incarceration prevent him from being able to defend his case on an equal basis with the United States, and to require him to do so while operating under the disadvantages imposed by incarceration violates his rights under the Due Process and Equal Protection clauses of the Constitution. While the Court is sympathetic to the difficulties that incarceration might pose with respect to litigating a case, nothing in the case law dictates that cases be continued while a litigant is incarcerated. Mr. Melot is awaiting sentencing following his conviction on a 15-count indictment, including a count for willfully evading the very taxes at issue in this case. The United States is entitled to move forward with its attempt to reduce the outstanding tax assessments against Defendants to judgment. Defendant's motion for continuance is therefore denied.

## CONCLUSION

    **IT IS THEREFORE ORDERED** that the *Motion to Dismiss* [Doc. 7] is **DENIED**, the *Motion to Release Liens* [Doc. 8] is **DENIED**, and the *Motion for Continuance* [Doc. 15] is **DENIED**.

                                                 **UNITED STATES DISTRICT JUDGE**