IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                             Civ. No.  09-752 JCH/WPL

BILLY R. MELOT
KATHERINE MELOT,
KLM TRUST, C.D. PROPERTIES, INC.,
MELM TRUST, Q.F. MARKETING, INC.,
LEIGH CORPORATION, SUZANNE
CORPORATION, MIRROR FARMS, INC.,
and C.D. EXPRESS, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Defendants Billy R. Melot and Katherine L. Melot's *Motion to Dismiss* [Doc. 49] and an incorporated *Motion to Dismiss* filed on behalf of each of the Defendant trusts and corporations associated with Billy and Katherine Melot [Doc. 52]. The Court, having considered the motions, briefs, evidence, arguments, and relevant law, and being otherwise fully informed, finds that the motions should be DENIED.

## BACKGROUND

The United States, via the Internal Revenue Service ("IRS"), filed the underlying action to reduce to judgment outstanding tax assessments against Defendants Billy R. Melot and Katherine L. Melot ("Mr. and Ms. Melot") and to foreclose federal tax liens upon certain real and personal property owned by Mr. and Ms. Melot. *See* Amended Complaint [Doc. 33] at 1, ¶ 1. The trust and corporate Defendants named in the Amended Complaint are named because they hold title to property as a nominee/transferee or alter ego for the alleged real owners, Mr.

and Ms. Melot. *See id*. at 2-3, ¶¶ 5-12.  According to the Amended Complaint, Mr. Melot did not file tax returns for the tax years 1987 through 1993, despite earning significant income.  *Id.* at 4, ¶ 13.  The Amended Complaint similarly alleges that Ms. Melot did not file tax returns for the tax years 1987 through 1993 and 1996.  *Id.* at 5, ¶ 16.  The IRS therefore prepared substitute tax returns on behalf of Defendants.  *Id.* at 4-5, ¶¶ 13, 16.  Mr. and Ms. Melot received notice and demand from a delegate of the Secretary of Treasury, but they still refused to pay the federal income tax assessments for the respective tax years.  *See id*. ¶¶ 14, 17.

On October 9, 2001, the IRS filed Notices of Federal Tax Lien for those federal income tax liabilities against Defendants in Lea County, New Mexico. *Id*. ¶¶ 15, 18.  The IRS has also assessed tax liabilities against Defendant Billy Melot d.b.a. Melot Oil Company for unpaid federal excise taxes and associated penalties and interest for tax periods ending in 1989 through 1991 and 1992 through 1993.  *Id*. at 6, ¶ 20.  On October 15, 2001, the IRS filed a Notice of Federal Tax Lien against Mr. Melot with regard to these liabilities in Bernalillo County, New Mexico.  *Id*. at 7,  ¶ 21.  On September 24, 2009, the IRS filed nominee Notices of Federal Tax Liens against the Defendant trusts and corporations in Lea County, New Mexico naming them as nominees, alter egos, transferees, agents, and/or holders of beneficial interests of Mr. Melot for his 1987-1993 federal income tax liabilities.  *Id*. at 8-12, ¶¶ 24, 26, 28, 30, 33, 35, and 37.  In all, the tax liens reflect an assessment of unpaid taxes, penalties, and interest in an amount exceeding $34 million.  *Id*. at 4-7, ¶¶ 14, 17, and 20.  The filed tax liens attach to any interest in Defendants' real and personal property.  *Id*. at 7, ¶ 22.

On April 22, 2010, a federal court jury convicted Mr. Melot on all 15 counts with which he was charged in a related criminal matter.  *See* No. 09-CR-2258-MCA (D. N.M.) at Doc. 79.  The jury found Mr. Melot guilty of: (1) corruptly endeavoring to obstruct or impede the due

administration of the Internal Revenue Code; (2) willfully attempting to evade the payment of federal income tax (with respect to tax years 1987-1993); (3) willfully failing to make income tax returns for tax years 2003-2008; and (4) knowingly making false statements to the U.S. Commodity Credit Corporation. *See id*. On August 30, 2011, Mr. Melot received a sentence of sixty months imprisonment. *See* Doc. 208 in Case No. 09-CR-2258-MCA.

## DISCUSSION

When considering a motion to dismiss, the Court must take the allegations in the complaint as true, and the Court may not dismiss the action unless it appears beyond doubt that the facts alleged, if proven, would not entitle the plaintiff to relief. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Defendants contend that this case should be dismissed because the tax assessments were made after the applicable statute of limitations had run. *See* Defendant's [sic] Joint Answer and Motion to Dismiss Amended Complaint [Doc. 49] at 7; Defendants Melots' Incorporated Answer to Defendants' Joint Answer to Amended Complaint and Motion to Dismiss Amended Complaint [Doc 52] at 1 (incorporating by reference argument made in Doc. 49).[1] For their argument that the assessments in this case are time-barred, Defendants rely on 26 U.S.C. § 6501(a). This provision states the general rule that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)...and no proceeding in

---

[1] Defendants' *Motions to Dismiss* arise in an unusual procedural posture, because they were filed as part of their Answers to the Amended Complaint. An Answer is considered a "responsive pleading," whereas a Motion to Dismiss is a filing made in lieu of an Answer, and it must be filed prior to making a responsive pleading rather than in the same document. *See* Fed. R. Civ. P. 12(a) and (b). However, because Defendants are proceeding *pro se*, the Court will liberally construe their pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, the Court will analyze Defendants' motions as if they were properly filed, and nothing in the Court's decision on the motions should be construed as affecting Defendants' Answers.

court without assessment for the collection of such tax shall be begun after the expiration of such period." 26 U.S.C. § 6501(a). Defendants argue that, because the 1987 through 1996 tax periods are at issue, but the assessments were not made until 1999, 2000, and 2001, the assessments are untimely and therefore void.

Defendants' argument ignores the fact that the 3 year limitations period for assessments does not begin running until "after the return [is] filed." 26 U.S.C. § 6501(a). In this case, Plaintiff has alleged that Defendants failed to file returns for the years at issue. Thus, the 3 year limitations period never began running, because no return was filed. Defendant's argument also does not account for the explicit exception to the general limitations period when no return is filed. *See* 26 U.S.C. § 6501(c)(3) ("In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time"). Because Defendants failed to file returns, the IRS prepared substitute returns on their behalf pursuant to the authority conferred by 26 U.S.C. § 6020(b). The execution of a return by the IRS pursuant to this authority "shall not start the running of the period of limitations on assessment and collection." 26 U.S.C. § 6501(b)(3). Accordingly, under the facts alleged, the IRS properly assessed the federal income taxes against Defendants within the proper limitations period, and Defendants' motions to dismiss must be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss [Docs. 49 and 52] are DENIED.

_____
**UNITED STATES DISTRICT JUDGE**