IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                    CV 09-0752 JCH/WPL

BILLY R. MELOT and
KATHERINE L. MELOT,

       Defendants.

**ORDER DENYING MOTION TO COMPEL**

On November 16, 2011, the Defendants requested that I compel responses to discovery requests that they submitted to the Plaintiff on March 8, 2011. (Doc. 121; Doc. 122 at 1.) The Plaintiff contends that the motion to compel fails to comply with the Federal Rules of Civil Procedure, is out of time, and is moot because the discovery was provided on at least four occasions. (Doc. 125.) I find that the Defendants' motion lacks merit for the following reasons.

In this case, the Defendants are proceeding *pro se*; accordingly, I construe their pleadings liberally. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). However, *pro se* status does not relieve the Defendants from following the Federal Rules of Civil Procedure, the Local Rules of this District, or the orders of this Court. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Federal Rules of Civil Procedure require that, prior to filing a motion to compel discovery, the party moving for discovery must confer or attempt to confer with the party failing to provide discovery in a good faith attempt to resolve the dispute without the involvement of the court.

FED. R. CIV. P. 37(a)(1). A certification to that effect must be included in the motion. *Id.* The local rules provide a time limit of twenty-one days for a party to file a motion to compel discovery when that party is served with objections to the request. D.N.M.L.R. Civ. P. 26.6. However, the time limit does not apply where the party receives no response at all, as the Defendants claim is the case here. For this reason and to ensure that discovery is completed well in advance of trial, judges include a deadline for the termination of discovery and the filing of motions related to discovery in their scheduling orders.

Here, I entered a scheduling order setting pretrial and case management deadlines, including a date on which discovery would terminate and a date on which motions relating to discovery were due. (Doc. 25.) I subsequently granted two extensions of these deadlines, first at the request of the Plaintiff and then at the request of the Defendants. (*See* Doc. 25; Doc. 53; Doc. 66.) Ultimately, discovery in this case was set to terminate on June 30, 2011 and any motions related to discovery were due by July 7, 2011. (Doc. 66.) A trial in this matter has been scheduled since August of 2010. (*See* Doc. 30.) After twice being reset, the trial is now set to begin on January 12, 2012. (*See* Doc. 62; Doc. 67.)

In their motion to compel, the Defendants complain of the Plaintiff's failure to submit discovery responses that were due in April, *see* FED. R. CIV. P. 34(2)(A), seven months before they filed this motion. They submitted this motion four months after the deadline for motions relating to discovery and less than two months before the trial in this matter will begin. The Defendants did not include any certification that they conferred in good faith with the Plaintiff prior to filing this motion. Because the motion does not comply with the Scheduling Order (Doc. 25, as amended by Doc. 66) or Federal Rule of Civil Procedure 37, it shall be denied.

The Defendants contend that their motion is not untimely because the Plaintiff was repeatedly notified that discovery was not complete. (Doc. 127 at 6.) This is irrelevant; central reasons for pretrial case management are to prevent protracted litigation due to poor case management and to improve the quality and timeliness of the trial. FED. R. CIV. P. 16(a). Next, the Defendants argue that their motion was not filed six months after the deadline set by the Court, as asserted by the Plaintiff. (Doc. 127 at 6.) While it is true that the Plaintiff referred to an order that was subsequently modified, the motion was still filed well after the court-ordered deadline for discovery motions. (*See* Doc. 66.) The Defendants finally assert that federal tax suits are exempt from pretrial case management procedures pursuant to D.N.M.LR-Civ. 16.3. (Doc. 127 at 6.) The rule cited by the Defendants does allow courts to decline to set pretrial deadlines in federal tax suits; however, in this case, pretrial deadlines were deemed necessary and were set. (*See* Doc. 25.) The Defendants may not simply ignore deadlines that have been set by the Court.

The denial of this motion will not impede the Defendants' ability to defend themselves during the upcoming trial. The Plaintiff has clearly explained the four instances in which they provided the requested documents to the Defendants. I cannot be certain that all requested documents were provided because the Defendants did not attach their discovery requests to the motion as required by D.N.M.L.R. Civ. P. 37.1. However, the Defendants did explain that the information sought related to the methodology and conduct of Agent Baker. (Doc. 122 at 2.) Extensive information gathered through the investigation was attached as exhibits to the Plaintiff's motion for summary judgment. (*See* Docs. 90-111, 116.) Furthermore, one of the Defendants, Billy Melot, has had the opportunity to cross-examine Agent Baker under oath during his criminal proceedings, and her methodology and conduct were similarly at issue there. (*See* Doc. 125 at 3-4.)

IT IS THEREFORE ORDERED that the Defendants' motion to compel (Doc. 121) is DENIED.

                                                  *William P. Lynch*
                                                William P. Lynch
                                                United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.