**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                         CV 09-0752 JCH/WPL

BILLY R. MELOT and
KATHERINE L. MELOT,

       Defendants.

**ORDER**

On January 6, 2012, the Court entered a Memorandum Opinion and Order granting summary judgment in favor of the United States on all claims against the Defendants with the exception of the tax liability of Katherine L. Melot for the year of 1996. (Doc. 141.) The day before the Order was entered, Ms. Melot filed a Motion seeking to have the claims against her dismissed pursuant to the innocent spouse doctrine. (Doc. 139.) Since the entry of the Order, the United States has requested that the Court dismiss the sole remaining claim. (Doc. 147.) Given the procedural posture of the case, several pending motions filed by the Defendants have become moot, and others are ripe for resolution.

The Defendants filed a Motion to Expand the Page Limit for Exhibits related to their response to the United States' Motion for Summary Judgment. (Doc. 112.) Because the Court has ruled on the Motion for Summary Judgment, this Motion (*id.*) is **DENIED AS MOOT**.

The Defendants filed a Motion to Extend the Remaining Dates in the Scheduling Order. (Doc. 130.) Discovery in this case concluded on June 30, 2011 (*see* Doc. 132 at 2), and this Motion

was filed over five months later, on December 7, 2011. The Motion is untimely, and the Defendants

fail to state good cause to reopen discovery. Furthermore, the case has been almost entirely resolved

by the Court's recent Order (Doc. 141), and no further discovery is necessary. Accordingly, the

Motion (Doc. 130) is **DENIED**.

Mr. Melot filed a Petition for Writ of Habeas Corpus Ad Testificandum to enable him to

attend the Pretrial Conference and Trial in this matter. (Doc. 131.) He later filed an Amended

Petition for Writ of Habeas Corpus Ad Testificandum. (Doc. 138.) The settings before the Court

have been vacated (Doc. 142), and all claims against Mr. Melot have been resolved (Doc. 141).

Accordingly, these Petitions (Docs. 131 & 138) are **DENIED AS MOOT**.

The Defendants filed a Motion to Stay Proceedings and for Appointment of Counsel. (Doc.

128.) Though the Motion was filed on behalf of both Defendants, the asserted basis for a stay is Mr.

Melot's confinement and his lack of access to legal resources. (*See* Doc. 128 at 3.) Mr. Melot

subsequently filed an Emergency Motion to Supplement Motion to Stay Proceedings, describing that

he was going to be transferred out of state. (Doc. 137.) Because the request to stay the proceedings

and the Emergency Motion to Supplement are based on Mr. Melot's circumstances, and because the

case against him has been resolved in all respects (*see* Doc. 141), the request to stay the proceedings

and the Emergency Motion to Supplement (Doc. 137) are **DENIED AS MOOT**.

The portion of the Motion to Stay Proceedings and for Appointment of Counsel requesting

that counsel be appointed applies equally to both Defendants (Doc. 128 at 4), so it is not moot. There

is no Sixth Amendment right to appointed counsel in a civil proceeding. *See Macquish v. United*

*States*, 844 F.2d 733, 735 (10th Cir. 1988). However, 28 U.S.C. § 1915(e)(1) allows a court to

request that counsel represent an indigent party in a civil case. *See Commodity Futures Trading*

*Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008) (unpublished). In this case, Ms. Melot, the sole remaining Defendant, has not presented an affidavit or any other documentation showing that she cannot afford counsel. Thus, I may not appoint counsel pursuant to 28 U.S.C. § 1915(e)(1).

Even if Ms. Melot had demonstrated that she is indigent, the appointment of counsel is not warranted. In deciding whether to appoint counsel, a court should consider the following factors: the merits of the claims, the nature and complexity of the factual and legal issues raised in the claims, and the litigant's ability to investigate the facts and present the claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Here, the case before this Court is almost entirely resolved, and the remaining issues are narrow and do not require factual investigation. Though there may be merit to Ms. Melot's defense against her tax liability for one year (*see* Doc. 141), the government seeks to dismiss that issue (Doc. 147). Ms. Melot recently raised a new defense, which presents a narrow legal issue and is based on facts already known to Ms. Melot. (Doc. 139.) Regardless of the complexity of that defense, Ms. Melot has demonstrated her ability to present the factual and legal bases supporting it. Thus, I find that the interests of justice do not require the appointment of counsel at this time. The request for the appointment of counsel (Doc. 128 at 4) is **DENIED**.

Though I have resolved the Motion to Stay Proceedings and for Appointment of Counsel, I note that the Defendants mention that Mr. Melot has not received documents filed by the Court or the United States since filing his change of address form (Doc. 117). (Doc. 128 at 3.) Mr. Melot's address was changed after the Court received that letter; however, the Court retained an email address for Mr. Melot, and the Notices of Electronic Filing show that all documents that have been

3

filed since that time have been sent to Mr. Melot's email address. Much earlier in the case, the

Defendants filed a Motion to Withdraw from Electronic Filing (Doc. 44), which was stricken from

the record because the Defendants were still represented by counsel (Doc. 45). Because it appears

that Mr. Melot would like to receive paper copies of all filings in the future, I will direct the Clerk

of Court to remove his email address from the docket.

   **IT IS SO ORDERED**.


_____
William P. Lynch
United States Magistrate Judge


A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          4