## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

            Plaintiff,

vs.                                                    Civ. No.  09-752 JCH/WPL

BILLY R. MELOT
KATHERINE MELOT,
KLM TRUST, C.D. PROPERTIES, INC.,
MELM TRUST, Q.F. MARKETING, INC.,
LEIGH CORPORATION, SUZANNE
CORPORATION, MIRROR FARMS, INC.,
and C.D. EXPRESS, INC.,

            Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Defendant Katherine L. Melot's

*Motion to Dismiss Defendant Katherine L. Melot from Proceedings Under the Innocent Spouse*

*Doctrine* [Doc. 139] and *pro se* Defendants Billy R. Melot's and Katherine L. Melot's

*Application for Stay Pending Appeal* [Doc. 149].  The Court, having considered the motions,

briefs, exhibits,  and relevant law, and being otherwise fully informed, finds that the motions

should both be DENIED.

## BACKGROUND

The United States, via the Internal Revenue Service ("IRS"), filed the underlying action

to reduce to judgment outstanding tax assessments against *pro se* Defendants Billy R. Melot and

Katherine L. Melot ("Mr. and Ms. Melot") and to foreclose federal tax liens upon certain real

and personal property owned by Mr. and Ms. Melot.  *See* Amended Complaint [Doc. 33] at 1, ¶

1.  The IRS moved for summary judgment on its claims.  *See* Doc. 68.  The Court issued a

Memorandum Opinion and Order, granting in part the IRS's motion for summary judgment.  *See*
Doc. 141.  In its Memorandum Opinion and Order, the Court found there to be no genuine issue
regarding the following facts: In the late 1980s and early 1990s, Billy Melot earned sufficient
income that he was required to file federal income tax returns and to pay federal income taxes.
*Id*. at 5-6.  Because New Mexico is a community property state, a significant portion of that
income was attributable to Katherine Melot, and she was also required to file federal income tax
returns and to pay federal income taxes.  *Id*. at 5-6, 9.  Neither Mr. nor Ms. Melot, however, filed
income tax returns or paid income taxes for the years at issue.  *Id*.  Also, through the operation of
Melot Oil Company (a sole proprietorship), Billy Melot incurred an obligation to file quarterly
federal fuel excise tax returns and to pay the associated federal fuel excise taxes, but he did
neither.  *Id*. at 12-13.  Mr. and Ms. Melot placed legal title to certain parcels of real property in
the names of certain defendant entities.  *Id*. at 15-23.  Those entities were taxpayers' nominees or
alter egos.  *Id*.  The United States filed valid tax liens against taxpayers and their nominee or
alter-ego entities.  *Id*. at 6-7, 10, 14, 18, 23.  The United States further sought an "order that such
properties be sold in accordance with the law and practices of [the District Court]."  Amended
Complaint, [Doc. 33] at 13.

The Court's Memorandum Opinion and Order granted summary judgment to the United
States on all but one of the items of relief requested by the United States in its Amended
Complaint.  The Court found that: (1) Billy Melot is liable for income taxes for 1987 through
1993 in an amount exceeding $18 million (including interest and penalties) Doc. 141 at 6, 27; (2)
Katherine Melot is liable for income taxes for 1987 through 1993 in an amount of approximately
$9.3 million (including interest and penalties).  *Id*. at 10, 27; (3) Billy Melot is liable for fuel
excise taxes for various quarters from 1989 through 1993 in an amount of approximately $6.6

million (including interest and penalties).  *Id*. at 13, 27; and (4) the United States is entitled to

foreclose its tax liens against taxpayers and their nominee or alter-ego entities.  *Id*. at 27.

Although the Court further found that the sales proceeds from the personal property assets and

real property should be applied to Mr. and Ms. Melot's outstanding federal tax liabilities for the

1987 to 1993 tax years, it did not enter an order of sale at that time.  The Court denied summary

judgment on an approximately $6,740 income-tax assessment (including penalties and interest)

against Katherine Melot for 1996.  The Court then granted the United States' motion to dismiss

with prejudice its $6,740 claim against Katherine Melot for 1996, which was the sole claim

remaining to be adjudicated.  *See* Doc. 157.  On January 5, 2012, the day before the Court

entered its Memorandum Opinion and Order on the United States' Motion for summary

judgment, Katherine Melot filed a motion for relief as an innocent spouse.  *See* Doc. 139.  On

January 17, 2012, Defendants filed a motion seeking to stay enforcement of this Court's

Memorandum Opinion and Order pending appeal.  *See* Doc. 149.  the Court will address these

two motions in turn.

## DISCUSSION

A.    Motion for Innocent Spouse Relief

The Court found that Defendant Katherine Melot is liable for the full amount of her

unpaid income taxes, penalties, statutory additions, and interest for the 1987-1993 tax years.  *See*

Doc. 141 at 27 ¶ 2.  Neither Mr. nor Ms. Melot filed tax returns for those years.  Therefore, the

IRS prepared substitute tax returns on their behalf, using a combination of methods to

reconstruct and determine the amount of the Melots' gross income, expenses, cost of goods sold,

capital gains, and other appropriate inclusions to and deductions from income.  The basis for

attributing income to Ms. Melot is that she was married to Mr. Melot during the years at issue,

and the couple was residing in New Mexico, a community property state.  *See* Doc. 141 at 9-11.
The IRS therefore attributed to Ms. Melot a portion of the income earned by Mr. Melot during
the 1987-1993 tax years, on a community property split basis.  *Id.*  This is in keeping with the
Supreme Court's holding in *United States v. Mitchell*, 403 U.S. 190, 196 (1971), that a spouse in
a community property state is liable for tax on one-half of all income received by the other
spouse during the marriage because spouses in community property states have a vested interest
in one-half of that income.[1]

       In the body of her motion, Ms. Melot did not cite specific code provisions as a basis for
relief, but she did indicate that she was making her motion "in accordance to [sic] 26 USC §
6013 and 26 USC § 6015."  K. Melot Mot. [Doc. 139] at 1.  However, she is not eligible for
innocent spouse relief under 26 U.S.C. § 6015 because that provision, by definition, is only
applicable to those who filed joint returns.  *See* 26 U.S.C. § 6015 (entitled "Relief from Joint and
Several Liability on Joint Return").  Ms. Melot did not file a joint return or any other type of
return for the 1987-1993 tax years.  The amount of taxes she owes is based on a calculation of
income and deductions by the IRS in its preparation of a substitute return, not on an erroneous
joint return filed by her spouse, which is the type of situation § 6015 is in place to address.
Thus, Ms. Melot cannot qualify for innocent spouse relief under § 6015.

       Although she did not raise it as a source of relief, 26 U.S.C. § 66 also provides for
innocent spouse relief in certain situations.  Section 66, titled "Treatment of Community
Income," contains three provisions by which a spouse living in a community property state may

---

[1] Ms. Melot contends that *Mitchell* was reversed by the 5th Circuit and that it is
inapplicable because it involved a different factual situation.  *See* K. Melot Reply [Doc. 162] at
1.  This is a misreading of the case–*Mitchell* remains good law, and its holding is applicable to a
wide range of situations, including the one before the Court.

be able to avoid paying income tax on another spouse's income if that spouse did not receive the benefit of the community income. By its terms, subsection (a) only applies to spouses who lived apart at all times during the calendar year at issue. *See* 26 U.S.C. § 66(a) (entitled "Treatment of community income where spouses live apart"). Mr. and Ms. Melot admit that they were married and during the 1987-1993 tax years. *See* Doc. 113 at 5. Ms. Melot has never alleged that she did not live with Mr. Melot during the years at issue, nor has she presented any evidence to that effect. Therefore, section 66(a) cannot apply to provide Ms. Melot with innocent spouse relief.

Section 66(b) is a provision that gives the Secretary of the Treasury sole discretion to disallow a community property taxpayer from taking advantage of community property laws to the detriment of his or her spouse. *See Hardy v. C.I.R.*, 181 F.3d 1002, 1007 (9th Cir. 1999). It is not a provision under which the Court can act. Thus, section 66(b) cannot provide Ms. Melot with an innocent spouse remedy pursuant to her motion.

Section 66(c) relieves a spouse of liability for taxes on certain income if the following four criteria are all met:

(1) the spouse seeking relief does not file a joint return for any taxable year;
(2) such individual does not include in gross income for such taxable year an item of community income properly includible therein;
(3) such individual establishes that she did not know of, and had no reason to know of, such item of community income; and
(4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income.

26 U.S.C. § 66(c). If all four of these criteria are met, the item of community income for which the spouse is relieved of liability is instead included in the gross income of the other spouse. *Id*.

Ms. Melot contends that she had no knowledge of the extent of her family's income, and points out that she was never criminally charged with the tax-related offenses of which her husband was convicted. However, in order to be liable, a spouse need not know the exact

5

amount of community income that should have been reported; knowledge of a particular income producing activity is sufficient.  *See McGee v. Comm'r.*, 979 F.2d 66, 70.  Ms. Melot admits that she and her husband operated businesses including convenience stores that engaged in the retail sale of gasoline and groceries in Hobbs, New Mexico and the Permian Basin of Texas during the 1987-1993 years.  *See* Defendants' Statement of Undisputed Material Facts, Doc. 113 at 5.  She also admits that Mr. Melot operated a business known as Melot Oil Company that was engaged in the buying, selling, blending, and distributing of gasoline and diesel fuel through the Melots' gas stations and convenience stores during that period.  *Id.*  It is apparent that Ms. Melot knew that her husband was operating these businesses and that the businesses were generating income. In fact, Ms. Melot participated in these businesses as evidenced by her writing checks on business accounts and making substantial deposits and wire transfers.  *See* Gov't. Exs. 59-62, attached to Gov't. Resp. [Doc. 151].  Given this evidence, and the fact that Ms. Melot has provided nothing more than conclusory denials that she had knowledge of any income or business affairs, the Court concludes that Ms. Melot has not met her burden of establishing that she meets each element of the defense and that she is not entitled to innocent spouse relief under 26 U.S.C. § 66.

      B.      <u>Motion for Stay Pending Appeal</u>

      Defendants have moved to "Stay the Enforcement of the Court's Order (Doc. 141) pursuant to Fed. R. Civ. P. 62, pending appeal."  Deft. Mot. [Doc. 149] at 1.  This motion is premature.  Defendants base their motion on two statements that are either incorrect or not true at this time.  Defendants first contend that "A judgment was entered in the above entitled action on January 6, 2012...against the Defendants...and in Favor of the United States of America, Plaintiffs."  *Id.*  While the Court entered a Memorandum Opinion and Order on that date,

granting in part and denying in part the summary judgment sought by Plaintiff, this Order did not constitute a final judgment.  Rule 62, under which Defendants seek a stay, governs stays of proceedings to enforce judgments.  *See* Fed. R. Civ. P. 62.  Because the Court has not yet entered a judgment, this motion is premature.

Defendants also state that "Defendants-Appellant, have Filed a timely Notice of Appeal of this Judgment to the United States Court of Appeals for the Tenth Circuit and desires to suspend enforcement of the Judgment pending determination of the appeal."  Deft. Mot. at 1.  While that statement was correct at the time Defendants filed this motion, it is no longer the case, as the Court of Appeals has dismissed the appeal for lack of appellate jurisdiction.  *See* Doc. 170.  In dismissing the appeal, the Court of Appeals noted that this Court had not yet entered a final judgment, and the Court of Appeals lacked jurisdiction to review this Court's order granting in part and denying in part Plaintiff's motion for summary judgment, as other claims were yet unresolved.  *Id.*  With that dismissal, Defendants do not have an appeal pending.  With no final judgment entered and no appeal pending, the Court must dismiss this motion as premature.  The Court notes that Rule 62(a) provides that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry."  Fed. R. Civ. P. 62(a).  Therefore, Defendants will have a period after final judgment is entered in which to again seek a stay pending appeal.

**IT IS THEREFORE ORDERED** that Defendant Katherine L. Melot's *Motion to Dismiss Defendant Katherine L. Melot from Proceedings Under the Innocent Spouse Doctrine* [Doc. 139] and Defendants Billy R. Melot's and Katherine L. Melot's *Application for Stay Pending Appeal* [Doc. 149] are both DENIED.

**UNITED STATES DISTRICT JUDGE**

7