IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                        CV 09-0752 JCH/WPL

BILLY R. MELOT and
KATHERINE L. MELOT,

    Defendants.

**ORDER DENYING MOTION TO RECONSIDER BOND**

In 2009, the United States filed an action to reduce to judgment outstanding tax assessments against Billy R. and Katherine L. Melot. (Doc. 33.) Initially, the Melots were represented by counsel, but the attorneys withdrew in September of 2010 (Doc. 45), and the Melots proceeded pro se.[1] The Melots have vociferously opposed the United States in this action, but the Court eventually found that the Melots were liable for all alleged debts except the alleged tax liability of Mrs. Melot for the 1996 tax year. (Doc. 141.) Consequently, Mr. Melot is liable for over $18 million in outstanding taxes, penalties, additions and interest, and Mrs. Melot is liable for over $9 million. (*Id.* at 27.) After the United States dismissed its claim against Mrs. Melot related to the 1996 tax liabilities (Docs. 147 & 157) and a few outstanding motions were resolved (Doc. 172), the Court entered judgment against the Melots on March 21, 2012 (Doc. 173).

After judgment was entered, the United States began attempting to execute its liens. It filed a motion to appoint a receiver to sell real property (Doc. 188), but the Melots had applied

---

[1] Mrs. Melot retained counsel on July 19, 2012. (Doc. 231.) Mr. Melot is still proceeding pro se.

for a stay and a reduced supersedeas bond pending the outcome of a motion to amend the judgment and an appeal (Doc. 176). On May 23, 2012, I granted the Melots a stay provided that they post a $9 million supersedeas bond. (Doc. 194.) However, I explained that I would consider setting a bond in an amount no less than the actual value of their properties, including all properties with government liens that are titled in nominee names, if the Melots provided proof of the value of the properties. (*Id.* at 7-8.) Approximately two weeks later, the Melots filed the motion that is now before me: a request for reconsideration of a waiver of the supersedeas bond or, alternatively, approval of a bond of $7,500, which they contend is ten percent of the actual property value.[2] (Doc. 198.)

In the motion, the Melots state that neither of them know the fair market value of the properties but that Steven M. Byers, who has asserted an interest in the properties, provided them with the 2011 property tax bills. (*Id.* at 1-2.) Based on those bills, the Melots calculate that the value of the properties totals $336,333.[3] (*Id.* at 2.) In their motion, the Melots urge that the Court erred in its concern that the values of the properties could decrease; in support, they present a promise by Mr. Byers to continue paying the taxes and to maintain an insurance policy on the properties. (*Id.*) They state that the taxes will be paid and that repairs and improvements have been done to the home, and they argue that, as a result, the properties have increased in value such that the government will not be prejudiced by a reduced or waived bond. (*Id.*)

The United States responded, arguing that the Melots did not follow the Court's order and asking that the bond be maintained at $9,000,000 or, if reduced, that it only be reduced to between $895,000 and $2,188,500. (Doc. 202.) The United States asserts that the Melots did not

---

[2] The calculations that the Melots used to reach this number are unclear, but ten percent of over $300,000 is certainly not $7,500.

[3] The exhibits attached to the Melots' motion, which are 2011 tax bills for all properties, show a total assessed value of all properties, including livestock (which totals less than $8,000), of $348,543.

provide a value for their personal property or farm equipment, ignored their prior valuations of their property, which ranged between $1,300,000 and $2,188,500, and asserted a third party interest out of thin air. (*Id.* at 1-3.) The United States objects to the valuation attempt by Mr. Byers. (*Id.* at 3-6.)

No reply was filed.

As I explained in the initial order, courts must apply certain considerations to determine whether to reduce or waive the bond amount. (Doc. 194 at 4-5.) The criteria that courts must consider include:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money . . . ; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (internal citations and quotations omitted). The debtor bears the burden to demonstrate objectively good cause for a waiver or reduction of the bond amount, which includes showing that posting a full bond is impossible or impractical and proposing a plan that will provide adequate security for the judgment creditor. *Meyer v. Christie*, No. 07-2230-CM, 2009 WL 3294001, *1 (D. Kan. Oct. 13, 2009) (citation omitted); *Sierra Club v. El Paso Gold Mines, Inc.*, No. Civ.A.01 PC 2163, 2003 WL 25265871, *7 (D. Colo. Apr. 21, 2003) (quoting *United States v. Kurtz*, 528 F. Supp. 1113, 1115 (E.D. Pa. 1981)).

The Melots present only one fact that could alter the weight of these criteria: the asserted third party interest of Mr. Byers. However, in an order filed in concurrence with this order, I find that Mr. Byers has no legitimate interest in the properties. Thus, the Melots have presented no

valid reason for this Court to reweigh the criteria and consider a waived or further reduced bond amount, and I stand by my prior analysis. (*See* Doc. 194 at 4-6.)

In considering the amount of the supersedes bond, I previously determined that only a bond equaling the full value of all of the Melots' properties would provide adequate security for the United States. The Melots have not presented a reason for me to reassess that conclusion, aside from the affidavit of Mr. Byers. Because Mr. Byers has no legitimate interest in the properties, I have no reason to believe that he will continue paying property taxes or maintain a homeowners insurance policy. Thus, I affirm my prior conclusion that a bond less than the full amount of the property value would not provide sufficient security.

That being said, the Melots have not presented competent evidence to demonstrate the full value of their property. The tax bills provided by the Melots do not constitute sufficient evidence on which I can determine the value of the properties because it is unclear how the Lea County Treasurer determined the value of the properties on the 2011 tax bills. (*See* Doc. 198 Ex. 2.) Further, the Melots have done nothing to explain their inconsistent valuations of their properties, which have varied wildly throughout this litigation. (*Compare* Doc. 110 Ex. 22 at 3 ($2,188,500 total equity alleged), *with* Doc. 92 Ex. 47 at 1 ($1,380,000 estimated property value), *and* Doc. 198 at 2 ($336,333 estimated property value).) Thus, I remain unsure of the full value of the properties.

The Melots have not satisfied their burden to propose a plan that will provide adequate security for the judgment creditor. Accordingly, I will maintain the bond amount at $9,000,000. Based on the Melots' filings in this case and their response to the order originally setting that bond amount, they will not be able to post this bond. Accordingly, I will consider the United States' motion to appoint receiver in an order filed concurrently with this document.

IT IS THEREFORE ORDERED that the Melots' Motion for Court's Approval of Supersedeas Bond and Reconsideration is DENIED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

5