IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                         CV 09-0752 JCH/WPL

BILLY R. MELOT and
KATHERINE L. MELOT,

        Defendants.

**CERTIFICATION OF CRIMINAL CONTEMPT AS TO BILLY R. MELOT**

On July 25, 2012, I held a hearing on Steven M. Byers' Motion to Intervene. During that hearing, facts came to light demonstrating outrageous conduct by Defendant Billy R. Melot and multiple attempts to conceal his assets and defraud the Court.

Contempt of court occurs when a person (1) misbehaves (2) in or near the presence of the court (3) so as to obstruct the administration of justice (4) with intent, knowledge or willfulness. 18 U.S.C. § 401(a) (2012); *United States v. McGainey*, 37 F.3d 682 (D.C. Cir. 1994); *United States v. Greyhound Corp.*, 508 F.2d 529 (7th Cir. 1974). Criminal contempt also occurs where a person (1) disobeys or resists (2) a lawful order, rule or decree of the court (3) intentionally, knowingly, or recklessly. 18 U.S.C. § 401(c) (2012); *United States v. KS&W Offshore Eng'g, Inc.*, 932 F.2d 906 (11th Cir. 1991).

Where a magistrate judge finds that criminal contempt occurred and he is not presiding with consent, he must certify the contempt to the district court. 28 U.S.C. § 636(e)(6) (2012). The procedure set out by statute is as follows:

> [The magistrate judge shall] certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

*Id.*

This procedure allows the magistrate judge to conduct a hearing in order to certify the facts. *See Taberer v. Armstrong World Indus., Inc.,* 954 F.2d 888, 907-08 (3d Cir. 1992). However, the magistrate judge cannot issue an order of contempt; he or she may only investigate and determine whether further contempt proceedings are warranted. *Id.* The magistrate judge's duty under this subsection is to determine whether the sufficient evidence has been adduced to establish a prima facie case of contempt. *Id.* The certificate functions essentially "as an indictment or charging instrument for the subsequent trial before the district court, rather than as an order to be reviewed by that court." *Id.* at 905. After the facts are certified that support a finding of contempt, the district court must conduct a de novo hearing to make fact and credibility determinations. *Id.* at 907-08.

Accordingly, and in conformity with Rule 42(a) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 401, I hereby certify that the following represents the conduct of Defendant, Billy R. Melot, as discovered in the course of a hearing held before me on July 25, 2012. I further certify that the acts, statements and conduct hereinafter specified present a prima facie case of contempt of court; that they constituted a deliberate and willful attack upon the administration of justice in an attempt to sabotage the functioning of the federal judicial system; and that this misconduct was of so grave a character as to disrupt the administration of justice.

1. Mr. Melot actively and intentionally participated in a scheme to fraudulently create a third party interest in his properties with the intention of defrauding the Court, sabotaging the orderly administration of justice and delaying the United States' lawful efforts to recover the judgment as ordered by the Court. The following demonstrates Mr. Melot's participation in the scheme:

   a. Mr. Melot repeatedly advised the Court that no liens on the properties existed aside from the IRS liens and that no third parties had an interest in the case. (*See* Doc. 179 at 6; Doc. 241 Ex. 30; Doc. 241 Ex. 31.)

   b. In an email to Mr. Melot on April 29, 2012, Mrs. Melot discussed her and Steven M. Byers' plan to conceal the properties from the government, stating that Mr. Byers "wants to put liens on all property to him. It is a 'firewall' because they will have to contact him before anything is done and also because it further delays everything. It is just another angle." (Doc. 241 Ex. 35.) She asked Mr. Melot's permission to set up the liens, and he responded on the same day, "Yes the liens are fine with me, I think that is a great idea. We could deed the properties over to him if he thinks that is better." (Doc. 241 Ex. 36.)

   c. Mr. Melot was aware that the goal of the scheme was to prevent the IRS from foreclosing on the properties. A statement that he made, as conveyed by Mrs. Melot to Mr. Byers, indicated that Mr. Melot was only willing to allow the IRS to foreclose on the Sanger Road property, which had been inspected and cited for safety violations. According to Mrs. Melot, he said, "Let the IRS have that place. They get the tanks and liability too." (Doc. 241 Ex. 7.)

2. Mr. Melot actively and willfully participated in a scheme to falsify corporation documents in an effort to conceal his assets, sabotage the United States' efforts to foreclose on his properties, defraud the Court, and subvert the administration of justice. The following constitutes the prima facie case against him:

   a. In a letter from Mrs. Melot to Mr. Byers, she said that Mr. Melot asked her to tell Mr. Byers "that the govt [sic] has never seen the corp [sic] papers. He said that we could deed corp. to you – the ones that own property." (Doc. 241 Ex. 16.)

   b. Mr. Melot encouraged Mrs. Melot to sign the corporations over to Mr. Byers, stating in an email on May 24, 2012, "I was thinking, I hope you signed ownership of the corporations over to B, just the ones that own our property." (Doc. 241 Ex. 41.) He went further, though, and added an additional layer of deceit and fraud to the plan, stating,

   > We could back date the papers and they can't prove any kind of ownership. They can't anyway, they are just insinuating that we own the corps [sic] because the ownership is not of legal record so it is private and they can't prove it and we could let B own them from the beginning.

   (*Id.*)

3. Although Mr. Melot did not participate in his wife's efforts to conceal Mr. Byers' incarceration and identity from the Court, it is noteworthy that he knew of the plan. He stated in an email to Mrs. Melot on June 12, 2012,

   > I had red flags go off in me when this was going, esp [sic] about the address. I didn't think about the notary but we need to pray hard. I should have inquired more. Like you I was thinking that B knew what he was doing. . . . The court assigned this to Lynch who is familiar with B, he was B's extradition judge. I knew better than to let Bs name come through.

(Doc. 241 Ex. 37.) That same day, he told Mrs. Melot, "You have the power of attorney and except for the copper address you did nothing illegal and I don't think that is illegal just deceptive." (Doc. 241 Ex. 37.)

I hereby certify the above facts to the district court on the basis that they demonstrate a prima facie case of two separate acts of criminal contempt committed by Defendant Billy R. Melot. I order the Clerk of Court to serve a summons requiring Mr. Melot to appear before District Judge Judith C. Herrera on a date to be fixed after consultation with Judge Herrera's chambers. I further order the United States Attorney's Office to prosecute this action. Mr. Melot is entitled to have counsel represent him in the contempt proceedings before Judge Herrera; if he wishes to be represented but cannot afford counsel, he must apply for the appointment of counsel.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.