IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                                                              **No. 09cv752 JCH/WPL**

**BILLY R. MELOT; KATHERINE L.
MELOT**; **KLM TRUST; C.D. PROPERTIES, INC.;
MELM TRUST; Q.F. MARKETING INC.;
LEIGH CORPORATION; SUZANNE CORPORATION;
MIRROR FARMS, INC.; C.D. EXPRESS, INC.**,

    **Defendants**.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) pro-se litigant Steven M. Byers' *Motion for Leave to Intervene*, filed May 25, 2012 [Doc. 195]; (ii) Byers' *Application for Stay of Enforcement of Final Judgment Pending Determination on Merits of all Claims, Liens, and Ownership of Properties*, filed May 29, 2012 [Doc. 197]; (iii) Magistrate Judge William P. Lynch's *Proposed Findings and Recommended Disposition* on Byers' motion to intervene, filed August 6, 2012 ("PF&RD") [Doc. 242]; (iv) Byers' *Objection to Magistrate's Proposed Findings and Recommended Disposition*, filed Aug. 22, 2012 [Doc. 250]; and (v) Byers' *Motion to Terminate Appointment of Receiver Bobby Shaw*, filed September 6, 2012 [Doc. 257]. Having considered Byers' submissions, the PF&RD, the record, and the applicable law, the Court will deny Byers' motion to intervene and adopt and affirm Magistrate Judge Lynch's PF&RD, will strike Byers' application for stay and motion to terminate, and will declare Byers' fraudulent liens on property owned by the Melots through their various nominees/alter ego trusts and corporations to be void.

**I.**    **Background and undisputed facts.**

    Byers is an inmate now incarcerated in Nevada who has been giving the Melots legal advice

and preparing legal documents for them in this case since he and Billy Melot were incarcerated together at Lea County Detention Center over two years ago. *See* Docs. 199, 242 and attached Exhibits. Two months after the Court entered a final judgment in favor of the United States that enforced its tax liens and authorized the sale of all of the Melots' property, including property held in the names of several nominees/alter egos, *see* Doc. 173, Byers filed his motion to intervene, asserting that he has a legal claim to all of the Melots' properties resulting from "valid [debtor's] liens on all properties as well as Invested Interest." Doc. 195 at 1, 3. Although he is incarcerated in Nevada, Byers gave a residential address at 519 W. Copper Street in Hobbs, New Mexico, as his address, and the motion was mailed to the Court from Hobbs. *See id.* at 4,7. Byers did not attach any of the alleged liens to his motion, nor did he indicate what constitutes his "invested interest." In his application for a stay of enforcement of the final judgment filed four days later, Byers claimed that he has "superior liens in the amount of $653,333.62" and "holds titles to properties" on which the United States is entitled to foreclose. Doc. 197 at 1,2.

In its response to Byers' motion and application, the United States presented uncontroverted evidence that Byers is incarcerated in Nevada and serving two consecutive life sentences; that he had been incarcerated in New Mexico from 1993 until 2010, when he was extradited to Nevada; that he swore in 2010 that he had no assets and was indigent and was granted permission to proceed IFP in his federal habeas cases in this District; that he gave the Melots' address on Rose in Hobbs as his mailing address in August 2010; that he had not signed the motion or application in this case; that Byers gave Katherine Melot his power of attorney in March 2012 and she signed and mailed the motion and application; that in May 2012 Katherine arranged with a friend who lives at 519 W.

Copper in Hobbs[1] to permit Melot to 519 W. Copper Street address to receive mail there; and that Katherine Melot signed and filed six liens listing Byers as the creditor against the Melots' property on May 24, 2012. *See* Doc. 199, Exs. A-I; 205, Exs. 1-3 & Attachments. Byers filed a reply in which he claimed to have "exerted his right to ownership" of the house on Copper Street "for over two (2) years," but that the financial affidavits he filled out did not require him to list any "contracts/deeds/titles that were not in his full control to liquidate or to (cash-in) on any Corporate Bonds that were issued to him." Doc. 208 at 1-2. The Court issued an order of reference authorizing Magistrate Judge Lynch to hold hearings on the motion to intervene and application for stay. *See* Doc. 200.

At the July 25, 2012 hearing, Byers appeared telephonically and requested withdrawal of his motion to intervene, stating that he "was unable to obtain documentary support for the motion." Doc. 242 at 2. Although Byers is not an attorney, he testified that his liens arise from an apparently oral agreement with Billy Melot in which Melot exchanged the value of the Melots' property for Byers' jailhouse assistance in preparing court documents. *Id.* at 3. At the hearing, the United States presented additional, uncontroverted exhibits conclusively demonstrating that Byers was ghostwriting the Melots' motions and other filings; that Katherine Melot typed and mailed them for filing and relied on Byers' legal advice; that the Melots and Byers developed the lien scheme to delay foreclosure, and Katherine paid for filing the liens; and that they also were planning to "backdate" deeds to "sign[] ownership of the corporations" that held title to the Melots' property

---

[1] It appears that the Melots may actually own the property located at 519 W. Copper in Hobbs, and it may be one of the rental properties for which they receive rental income that Katherine and Billy Melot and Byers refer to in their emails to each other, *see, e.g.* Doc. 241, Ex. 15, but which Katherine Melot has failed to list as assets in her multiple applications to proceed IFP in this Court and in the Court of Appeals.

to Byers so that it would appear that Byers "own[ed] them from the beginning." Doc. 241, Exs. 14-17, 19, 35-42, 47 (letter from Katherine Melot to Byers regarding her recent efforts in "spen[ding] a fortune fixing up your place"), 41 (May 24, 2012 email from Billy to Katherine); and 42 (June 2, 2012 email from Billy to Katherine in which Billy Melot states that he and Byers "were planning on him living in one of our houses and setting up his legal work" when Byers got out of prison).

Judge Lynch held that Billy Melot's appearance "was not required" at the hearing on Byers' motion to intervene, but that he could appear telephonically if he chose to do so. Doc. 203 at 1. Billy Melot did not appear at the hearing. Katherine Melot, who appeared in person, took no position on Byer's motion and invoked her Fifth-Amendment privilege against self-incrimination in response to every question the Government posed. *See* Doc. 236 at 2-4.

**II.   Analysis**

The Court "makes a de novo determination of those portions of the [PF&RD] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Byers first contends that the PF&RD should be set aside because the parties did not consent to Judge Lynch holding the hearing on his motion to intervene. *See* Doc. 250 at 2. That argument is frivolous. The Court has the authority to request the Magistrate Judge "to conduct hearings" and make proposed findings and conclusions on any substantive matter notwithstanding the parties' consent. *See* 28 U.S.C. § 636(b)(1)(B).

Rule 24 of the Federal Rules of Civil Procedure provides:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Byers has not challenged Judge Lynch's findings and analysis supporting his conclusion that Byers' motion to intervene was untimely and that his alleged lien interests in the Melots' real property are invalid because "any contract entered between the Melots and Mr. Byers violates the statute of frauds and is unenforceable as a matter of public policy." Doc. 242 at 8-9. The Court adopts and affirms that analysis. But Byers contends that Judge Lynch failed to acknowledge Byers' "proof" that the Melots filed his June 1, 2012 affidavit stating that Byers paid the taxes on the Melots' property, which establishes his ownership and right to intervene. *See* Doc. 250 at 3 (citing Doc. 198 and its attachments, which were filed by the Melots). That argument is irrelevant in light of the fact that the liens are invalid. Further, the Court finds that Byers' claim that he paid the taxes of the Melots' property is fraudulent. The Melots represented to the Court on April 4, 2012 that they "have [sic] and will continue to pay property taxes." Doc. 176 at 4. On April 28, 2012, however, Katherine wrote to Byers, asking him whether **she** "should catch [] up" the past-due property taxes on the properties. Doc. 241, Ex. 12. On May 5, Katherine again emailed Byers, told him she had received his responsive letter but had forgotten to talk to Billy "about the taxes," but also stated that she would "get it worked out soon, likely by money order from you and will send copies of receipts." Doc. 241, Ex. 13 at 2. On May 8, 2012, money orders for the property taxes were obtained at Allsup's convenience store #145, which is located in Hobbs, N.M., *see* Doc. 198, Ex. 3. Although the words "Steve Byers/Authorized Agent for [the various nominee corporations in whose name the properties are titled]" are written on the money orders, *see* Doc. 198, Ex. 3, it is physically impossible for Byers to have purchased the money orders himself, and he has repeatedly filed affidavits demonstrating his indigency and absence of any funds². The Court, therefore,

---

² The Court rejects Byers' speculation that he could establish that he had the money to pay the taxes because, at the trial on his 1992 Nevada criminal proceedings, there was testimony that

5

concludes that Katherine Melot purchased the money orders with her money and paid the taxes on the properties; that she and Billy Melot lied to the Court in their June 4, 2012 motion for reconsideration when they represented for the first time that Byers paid the taxes, *see* Doc. 198 at 2; and that Byers committed perjury in his affidavit. The Court will deal with Rule 11 and other sanctions for these serious infractions when the Court holds a hearing on the criminal-contempt proceedings.

Byers next contends that he was unfairly prejudiced when Judge Lynch refused to grant him an extension of time in which to prepare for the hearing and to obtain a witness, Mark Chavez, from Denver, Colorado and to question Billy Melot. But Byers had over 60 days from the time he filed his motion to prepare for the hearing and he does not state what testimony Mark Chavez could have given that is relevant to his motion to intervene. Further, the Court agrees with Judge Lynch that "Byers should have had the documentation supporting his right to intervene in his possession prior to filing a motion to intervene." Doc. 212 at 1. Further, Byers could have requested, but did not request, that Billy Melot be required to appear telephonically at the hearing to establish the terms of Byers' alleged contract to provide legal services. But, as Judge Lynch noted, even if Byers and Billy entered into such a contract, it is invalid and unenforceable both under the statute of frauds and because one inmate cannot charge another inmate for giving him legal assistance. The Court concludes that Byers was not unfairly prejudiced by the denial of Byers' requests for an extension of time or to stay the proceedings.

Byers also challenges Judge Lynch's recommendation that the Court refuse to permit him

---

Byers had purchased houses in various states and had access to large amounts of cash. *See* Doc. 208 at 2. Byers presented absolutely nothing to show that he obtained money from anyone to pay the Melots' property taxes in May 2012, and the record conclusively shows that Katherine paid the taxes.

to withdraw his motion to intervene. As Judge Lynch noted, "[t]o withdraw a document from the consideration of the court, the filer must file and serve a notice of withdrawal that specifically identifies the document being withdrawn. D. N. M. LR Civ. 7.7. Withdrawal requires consent of all parties or approval of the court." Doc. 242 at 6. Byers did not file such a document, but, instead, waited until the hearing to make his request. Judge Lynch noted that the United States had expended considerable resources to defend against the motion, and the Court agrees that "there is no reason for the Court to permit a withdrawal that would allow Mr. Byers to reassert a non-existent interest at a later date." *Id.* at 6. The Court denies the request to withdraw the motion to intervene.

**IT IS ORDERED** that Byers' *Motion for Leave to Intervene* [Doc. 195] is DENIED; that his *Objection to Magistrate's Proposed Findings and Recommended Disposition* [Doc. 250] are DENIED; and that the Court ADOPTS Magistrate Judge Lynch's *Proposed Findings and Recommended Disposition* [Doc. 242].

**IT IS FURTHER ORDERED** that Byers' *Application for Stay of Enforcement of Final Judgment Pending Determination on Merits of all Claims, Liens, and Ownership of Properties* [Doc. 197] and his *Motion to Terminate Appointment of Receiver Bobby Shaw* [Doc. 257] are STRICKEN;

**IT IS FURTHER DECLARED** that the six liens listing Steven M. Byers as the creditor and titled "Notices of Mechanics/Creditor's Liens," which are filed in Lea County Clerk's office on May 24, 2012 and numbered 43947-43953 in Book 1779 at pages 948 to 961 are VOID;

**IT IS FURTHER ORDERED THAT** Byers shall not provide any further legal advice to the Melots through any means, including telephonically, nor shall he mail or otherwise send to them any materials intended to be incorporated and/or used in any of their future legal filings; and he may not file or cause to be filed any further documents in this case other than documents related to his

own criminal contempt proceedings, which shall be mailed directly from his prison facility to the Court for filing.

_____
**UNITED STATES DISTRICT JUDGE**