# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    CV 09-0752 JCH/WPL

BILLY R. MELOT, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on (i) Magistrate Judge William P. Lynch's Order Denying Motion to Reconsider Bond (Doc. 243), Defendant Billy Melot's objections thereto (Doc. 253), and the United States' response to the objections (Doc. 259); (ii) Judge Lynch's Order Appointing Bobby Shaw as Receiver (Doc. 244), Melot's[1] objections thereto (Doc. 249), and the United States' response to the objections (Doc. 254); and (iii) Melot's Motion to Terminate Appointment of Receiver (Doc. 258), the United States' response (Doc. 261), and Melot's reply (Doc. 270). Having reviewed the relevant orders and Melot's objections, I find the objections to be without merit and overrule them. Further, Melot's motion to terminate the receiver is without merit and is denied.

### DISCUSSION

**I.    Objections to Magistrate Judge's Orders**

First, Melot objects to Judge Lynch's order setting a supersedeas bond and his order appointing a receiver to sell the Melots' properties. This Court reviews these orders under a

---

[1] Although both Billy and Katherine Melot are parties in this case, only Billy Melot brought the objections and motions at issue here. Accordingly, all mentions of "Melot" in this Order refer to Billy Melot unless otherwise specified.

clearly-erroneous or contrary-to-law standard of review. 28 U.S.C. § 636(b)(1)(A) (2012); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

I turn first to Melot's objections to the order denying his motion to reconsider bond. In his order on the Melots' motion to stay, Judge Lynch stated that it would be reasonable to set a supersedeas bond at an amount slightly greater than the value of the Melots' property. (Doc. 194 at 8.) He then required the Melots to either "move for court approval of a bond amount that is no less than the actual value of their properties" or accept the United States' proposal of a $9,000,000 bond amount. (*Id.*) In ruling on the Melots' Motion to Reconsider Bond, Judge Lynch found that the Melots had not provided either a valid reason to consider a waived or reduced bond amount or competent evidence to demonstrate the full value of their property. (Doc. 243 at 3-4.) In view of the Melots' failures to meet their burdens, Judge Lynch set the supersedeas bond at $9,000,000. (*Id.* at 4.)

The relevant rule in this district provides that a supersedeas bond "must cover the judgment, interest and allowable costs" of a case on appeal. D.N.M.LR-Civ. 65.1(d). This mirrors the general rule in the Tenth Circuit that a judgment debtor must post a bond for the full amount of a monetary judgment before the trial court will stay enforcement of the judgment. *See Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006); *see also Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996); *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). This rule reflects the purpose of a supersedeas bond: "to protect judgment creditors as fully as possible without irreparably injuring judgment debtors." *Miami Int'l Realty Co.*, 807 F.2d at 873 (citing *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154 (2d Cir. 1986)). "District courts, however, have inherent discretionary authority in setting supersedeas bonds." *Id.* A court may in its discretion set a reduced bond amount if, first, the debtor objectively

demonstrates that posting a full bond is impossible or impractical, and second, the debtor proposes a plan that will provide adequate security for the creditor. *See id.* at 873-74 (citations omitted). Such a waiver or reduction is appropriate only in "unusual circumstances." *See id.* at 873 (citation omitted).[2]

Taking these standards into account, I find Melot's objections to be unavailing. First, though Melot makes much of Judge Lynch's initial statement that "a $9,000,000 bond is likely impractical" (Doc. 194 at 8), Melot bears the burden of demonstrating that such a bond is actually impractical. *See Miami Int'l Realty Co.*, 807 F.2d at 873-74. Instead of demonstrating such impracticality, Melot simply repeats conclusorily that the amount is impractical. Without more, Judge Lynch's comment on the "likely impractical[ity]" of the bond amount in question does not satisfy Melot's burden.

Second, even if the impracticality of the bond amount were evident here, Melot has not met his burden to propose an alternative bond amount that would adequately secure the United States' interests. Although Judge Lynch suggested that the Melots might move for a bond amount of "no less than the actual value of their properties, including the properties that are subject to government liens and titled in nominee names, as supported by evidence" (Doc. 194 at 8), the only "evidence" that the Melots provide on this matter are tax bills for the properties. In New Mexico and most other jurisdictions, tax bills generally cannot serve as evidence of property value for any purpose other than taxation. *See Gomez v. Bd. of Educ.*, 414 P.2d 522, 523 (N.M. 1966); *see also* C.C. Marvel, Annotation, *Valuation for Taxation Purposes as Admissible*

---

[2] In discussing the appropriate amount for a supersedeas bond, the parties highlighted several factors outlined in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988), and Judge Lynch's order analyzed the Melots' circumstances with an eye on those factors. While these factors, if met, may permit the reduction or waiver of a supersedeas bond amount, they do not require such a reduction or waiver. *Id.* Even if a reduction were warranted by the satisfaction of those factors, *Dillon* is a Seventh Circuit case, and as such its reasoning is not binding on this Court.

*to Show Value for Other Purposes*, 39 A.L.R.2d 209 § 2 (2012) ("[I]t is notorious that properties are not assessed at anything like true value or market value, and that the purpose of assessment for taxation is unique."). Further, even if the tax bills could serve as some evidence of the properties' value, Judge Lynch correctly notes that the evidence supports multiple contradictory valuations of the property in question. (*Compare* Doc. 92 Ex. 47 at 1 (roughly estimating $1,380,000 in property value), *with* Doc. 110 Ex. 22 at 7 (estimating $2,165,000 in property value for income tax filing purposes), *and* Doc. 198 at 2 (estimating $336,333 in property value based on property tax assessments)). As such, there is no way for this Court to be sure of the full value of the properties. Therefore, Melot has not satisfied his burden to propose an adequate alternative bond, and he has not established that such "unusual circumstances" exist here as to warrant a reduced supersedeas bond amount. *See Miami Int'l Realty Co.*, 807 F.2d at 873.

Guided by Local Rule 65.1(d) and the prevailing caselaw, Judge Lynch could have set the bond amount at the full value of the judgment against the Melots. The Court has found Melot liable for $24,804,929.85 and has found his wife liable for $9,321,097.60. (*See* Doc. 173 at 1; Doc. 266.) Accordingly, a supersedeas bond in excess of $34 million would not have been inappropriate in this instance, particularly in light of Melot's failure to carry his burden to show that a lesser amount would protect the United States' interests. Judge Lynch's decision to nonetheless impose a reduced bond of $9,000,000, an amount just over one-quarter of the full judgment, appears to be both generous and within his discretion. Therefore, I conclude that Judge Lynch's order was not clearly erroneous or contrary to the law, and I overrule Melot's objections to the amount of the supersedeas bond.

Next, I consider Melot's objections to the order appointing a receiver. Although Melot first objects that the parties did not consent to have Judge Lynch rule on the motion, consent for

a magistrate judge to issue a ruling on such non-dispositive pre-trial matters is not necessary. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). As such, this objection is frivolous. Melot also objects that the receiver's appointment was contrary to Federal Rule of Civil Procedure 66, an argument that is without merit considering the broad authority afforded to district courts in such appointments. *See Skirvin v. Mesta*, 141 F.2d 668, 673 (10th Cir. 1944) ("The appointment of a receiver . . . rests in the sound judicial discretion of the trial court, and its action thereon will not be overturned on appeal unless an abuse of discretion is shown.") The remaining objections raise the same claims that Melot made in his response to the United States' motion to appoint a receiver. Having fully reviewed the filings and relevant law, I find those remaining objections to be without merit. I therefore overrule Melot's objections to the appointment of a receiver.

## II.     Motion to Terminate Receiver

Finally, Melot moves to have Bobby Shaw's appointment as receiver terminated, arguing that Shaw's appointment to the Hobbs City Planning Board renders him ineligible to serve as a receiver. (Doc. 258.) Melot relies on 28 U.S.C. § 958, which provides that "[a] person holding any civil or military office or employment under the United States . . . shall not at the same time be appointed a receiver in any case in any court of the United States." This argument is without merit, as the plain language of the statute only prohibits the appointment of persons employed by the United States government, and Shaw is employed by a local government entity. *Cf., e.g.*, *United States v. Hood*, 343 U.S. 148, 149-50 (1952) (construing statutory language concerning "any appointive office or place under the United States" as referring to "occupants of federal office.") Accordingly, Melot's motion to terminate Shaw's appointment is denied.

## CONCLUSION

IT IS ORDERED that:

1) Melot's objections to the Magistrate Judge's orders denying reconsideration of the supersedeas bond (Doc. 243) and appointing a receiver (Doc. 244) are OVERRULED; and

2) Melot's motion to terminate the receiver (Doc. 258) is DENIED.

_____
Judith C. Herrera
United States District Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.