## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      **Plaintiff**,

v.                                            **No. 09cv752 JCH/WPL**

**BILLY R. MELOT; KATHERINE L.
MELOT**; **KLM TRUST; C.D. PROPERTIES, INC.;
MELM TRUST; Q.F. MARKETING INC.;
LEIGH CORPORATION; SUZANNE CORPORATION;
MIRROR FARMS, INC.; C.D. EXPRESS, INC.**,

      **Defendants**.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on pro-se Defendant Billy R. Melot's *Motion for Order to Show Cause for Revenue Officer Phillip Fry Wrongfully Issuing Notice of Levy*, filed January 17, 2013, (Doc. 313); and on his *Motion for Final Adjudication on Remaining Claims and Request to Reinstate Stay*, filed February 1, 2013 (Doc. 325).  The Court will deny the motions.

**I.**      **The IRS, through Agent Fry, has not violated any Order.**

      The Court rejects Melot's contention that the IRS violated the Court's October 29, 2012 Order staying the foreclosure sale on certain real properties in this case by levying the rental income from a property the Melots own.  Contrary to Melot's contention, the Court's Order stayed only "the sale of the Melots' properties . . . until further notice by the Court."  October 29, 2012 MOO at 22.  The Court did not impose any restrictions on the Government's statutory rights to administratively levy on income generated by properties - whatever those rights may be.  Further, Melot's statement that the $1500/month income from that property is his wife's sole source of support is belied by Katherine Melot's two affidavits, sworn under penalty of perjury, that she receives no income from rental properties and receives about $1100/month in "gifts" from family and friends and $800/month

in state assistance.  *See* Docs. 180 at 3; Doc. 168 at 3-4.

## II.    The motion for final adjudication and for stay are denied.

Melot seeks a final adjudication on the Government's claims against Q.F. Marketing, Inc., and C.D. Properties, Inc., contending that, until those claims are adjudicated, he cannot appeal the Court's Orders granting summary judgment in favor of the United States for the full amount of the Melots' unpaid income and excise taxes, together with penalties, statutory additions, and interest for the 1987-1993 tax years, and authorizing the foreclosure and sale of certain tracts of real property.  But the Court has already entered a partial final judgment under Rule 54(b) on those issues, thereby clearing the way for an immediate appeal.  *See* Jan. 13, 2013 Partial Final Judgment (Doc. 318).  Further, the Court has granted the Government's motion to dismiss without prejudice its claims against Q.F. Marketing, Inc., *see* March 6, 2013 Order (Doc. 335), and the Government states that it is still in the process of determining if its claims against C.D. Properties, Inc. are ripe for adjudication and is "conferring with counsel for Mrs. Melot on how to resolve the remaining claims."  Doc. 329 at 2.  The Court will order the Government to give the Court a status report on its progress.

When the Court redetermined the amount the Melots owe and lifted the stay of the foreclosure proceedings, it stated, "[g]iven the Melots' proclivity to delay these proceedings, the Court also will not entertain any further motions for reconsideration."  Jan. 23, 2013 Order at 4 (Doc. 317).  Melot's motion for a stay is nothing more than a request for the Court to reconsider the lifting of the stay, and the motion is denied.  There is no good reason to stay the foreclosure proceedings.

**IT IS ORDERED** that Melot's motions for an order to show cause [Doc. 313] and for a final adjudication and stay of the foreclosure proceedings [Doc. 325] are DENIED;

2

**IT IS FURTHER ORDERED** that, within 10 days of the filing of this Order, the Government shall submit a status report to the Court on its progress in determining whether it is going to prosecute its claims against C.D. Properties, Inc.


_____
UNITED STATES DISTRICT JUDGE