IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                              CV 09-752 JCH/WPL

BILLY R. MELOT and
KATHERINE L. MELOT,

       Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Defendant Billy Melot, proceeding pro se, filed a motion for relief from judgment on December 16, 2016, asking that the Court set aside its money judgment against him for federal income and excise taxes. (Doc. 469.) Melot argues for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) or (6) because the Internal Revenue Service ("IRS") failed to adjust its internal records to be in accord with this Court's order. This motion is the latest filing in Melot's ongoing saga of litigation: the case has gone up on appeal at least a dozen times, there are two related civil cases and a related criminal case, and a related bankruptcy case. Indeed, Melot has "a history of abusive pro se filings" in his criminal case, *United States v. Melot*, No. CR-09-02258-MCA, Doc. 373 at 1 (D.N.M. Nov. 30, 2016) (unpublished), and has engaged in similar tactics in the civil cases.

Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Envt'l Prot. Agency*, 231 F.3d 694, 697 (10th Cir. 2000) (quoting *Bud Brooks Trucking, Inc. v. Bull Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). Rule 60(b) provides that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion for relief under Rule 60(b)(1)-(3) must be brought within one year after the entry of judgment or the date of the proceeding. FED. R. CIV. P. 60(c)(1). Motions brought pursuant to Rule 60(b)(4)-(6) must be "made within a reasonable time . . . after the entry of the judgment or order or the date of the proceeding." *Id.* The judgment complained of in this instance was filed on January 23, 2013. (Doc. 317.)

Melot first seeks relief pursuant to Rule 60(b)(5), arguing that it is no longer equitable to prospectively enforce the tax judgment against him in light of his age, incarcerated status, and the fact that he will likely never be able to pay the full judgment. Melot does not argue—nor could he, in good faith—that the judgment has been satisfied, released or discharged, or that it was based on an earlier judgment that has been reversed or vacated. Thus, his claim under Rule 60(b)(5) rests on the contention that the tax assessment imposed by the Court is "prospective" within the meaning of the Rule.

The question "in determining whether an order or judgment has prospective application within the meaning of Rule 60(b)(5) is whether it is 'executory' or involves 'the supervision of changing conduct or conditions.'" *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988). An "executory" order or judgment is "a continuing decree, which . . . enjoins the [losing party] against [future conduct.]" *Pennsylvania v. Wheeling & Belmont Bridge*

*Co.*, 59 U.S. 421, 431 (1855); *Twelve John Does*, 841 F.2d at 1138-39 (citing *Wheeling* for the "executory" portion of the Rule 60(b)(5) standard). Orders or judgments are "continuing" and "involve the supervision of changing conduct or conditions" when they are "directed to events to come," rendering the order "subject always to adaptation as events may shape the need." *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932); *Twelve John Does*, 841 F.2d at 1138-39 (citing *Swift* for the "supervision of changing conduct or conditions" portion of the Rule 60(b)(5) standard).

Here, it cannot be said that the order adjudging Melot's tax liability, and allowing that interest to be compounded until the judgment is paid, is a prospective order. The order does not involve the supervision of changing conduct or in any way relate to future conduct, except to the extent that it requires payment of a money judgment for past conduct. The Court did not enjoin Melot from doing something. The order does not have prospective application within the meaning of the Rule. I recommend that the Court conclude that Melot's argument pursuant to Rule 60(b)(5) fails on its face because the Rule is inapplicable to this order.

As to Rule 60(b)(6), "[c]ourts have found few narrowly-defined situations that clearly present 'other reasons justifying relief.'" *Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1302 (D.N.M. 2010) (internal quotation omitted). A party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotation omitted).

Melot argues that the IRS has failed to adjust its internal records to reflect the Court's judgment and has failed to properly apply the proceeds from the sale of the Melots' assets to the judgments against them. The fact that the IRS issued billing statements to Melot, during the pendency of his many appeals and collateral attacks to the judgment at issue, that do not fully

reflect the judgment of this Court or the application of proceeds from the sale of the Melots' property does not constitute an extraordinary circumstance. While the IRS is required to track Melot's payments, of any kind, and may only to seek to enforce the judgment to the extent that it was entered by the Court, nothing requires the IRS to update its internal records during the pendency of appeals. I trust that the IRS has kept careful records of any payments made by or on behalf of the Melots and can compare that information with the Court's judgment and any accrued interest. While I recommend that the IRS does, in fact, update its internal records, I see no reason to recommend that the Court take the extraordinary step of granting Melot relief under Rule 60(b)(6) and set aside the judgment.

I recommend that the Court deny Melot's motion in full as there is no basis to grant him relief under Rule 60(b) because the judgment does not have prospective application within the meaning of Rule 60(b)(5) and this case does not present the extraordinary circumstances required for relief under Rule 60(b)(6).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.