IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                           CV 09-752 JCH/WPL

BILLY R. MELOT and
KATHERINE L. MELOT,

      Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on pro se Defendant Billy Melot's motion for relief from judgment, asking that the Court set aside its money judgment against him for federal income and excise taxes (Doc. 469), the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 475), and Melot's objections thereto (Doc. 477). The PFRD recommended denying Melot's motion for relief pursuant to Federal Rule of Civil Procedure 60(b). Melot objects that the Magistrate Judge misapprehended the law and the facts, but cites no case law or other authority to support that contention. The United States did not respond to Melot's objections.

In reviewing a PFRD, the Court must make de novo determinations of those portions of the PFRD to which any party made proper objections. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the [PFRD] must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v.*

*One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*") (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

Melot's objects to the PFRD based on the argument that allowing a money-judgment to accrue interest somehow constitutes prospective application, as required by Rule 60(b)(5). As the PFRD discusses, this is incorrect. The question "in determining whether an order or judgment has prospective application within the meaning of Rule 60(b)(5) is whether it is 'executory' or involves 'the supervision of changing conduct or conditions.'" *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988). An "executory" order or judgment is "a continuing decree, which . . . enjoins the [losing party] against [future conduct.]" *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. 421, 431 (1855); *Twelve John Does*, 841 F.2d at 1138-39 (citing *Wheeling* for the "executory" portion of the Rule 60(b)(5) standard). Orders or judgments are "continuing" and "involve the supervision of changing conduct or conditions" when they are "directed to events to come," rendering the order "subject always to adaptation as events may shape the need." *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932); *Twelve John Does*, 841 F.2d at 1138-39 (citing *Swift* for the "supervision of changing conduct or conditions" portion of the Rule 60(b)(5) standard).

The Court concludes that that the Order adjudging Melot's tax liability, and allowing interest to be compounded until the judgment is paid, is not a prospective order because it does not involve the supervision of changing conduct or in any way relate to future conduct, except to the extent that it requires payment of a money judgment for past conduct.

Melot also challenges, without citation to authority, the recommendation that the Court recommend—rather than order—that the Internal Revenue Service update its internal records.

Melot presented no authority suggesting that the Court should, or is even able to, dictate an executive agency's record-keeping practices. This objection is overruled.

Finally, Melot again contends that requiring him to pay the judgment is no longer equitable because he is incarcerated and is unlikely to ever satisfy the judgment. While it is true that Melot will likely never fully satisfy the judgment against him, that is not the bellwether for extraordinary circumstances under Rule 60(b)(6). Again, Melot presents no citation or authority suggesting that an inability to satisfy a tax debt to the United States constitutes extraordinary circumstances justifying the relief from judgment. The Court finds that Melot's actions led him to this situation and his present state of incarceration does not rise to the level of an extraordinary circumstance. This objection is overruled.

For the reasons stated above, the PFRD is adopted as an Order of the Court and Melot's motion is denied because there is no basis to grant him relief under Rule 60(b).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.